**<ins>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</ins>**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000548
04-JUN-2025
08:08 AM
Dkt. 64 SO**</span>

NO. CAAP-22-0000548

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CS DEVELOPMENT LLC and CHARLES
SOMERS, Individually, Intervenors-Appellants-Appellants,
v.
COUNTY OF KAUA'I PLANNING DEPARTMENT;
COUNTY OF KAUA'I PLANNING COMMISSION;
Respondents-Appellees-Appellees
and
VALERIE M. NEILSON; and DAVID N. KELLS,
Petitioners-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CCV-21-0000129)

<ins>SUMMARY DISPOSITION ORDER</ins>
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

In this secondary appeal, we hold that the circuit
court lacked jurisdiction over the administrative agency appeal

under Hawaii Revised Statutes (**HRS**) § 91-14(a),[1] where there was no final decision in the contested case. Accordingly, we vacate the August 15, 2022 Final Judgment and remand to the circuit court for entry of an order dismissing the agency appeal for lack of jurisdiction.

Intervenors-Appellants-Appellants CS Development LLC and Charles Somers (**Appellants**) appeal from the Circuit Court of the Fifth Circuit's (**Circuit Court**)[2] July 28, 2022 "Findings of Fact, Conclusions of Law, Decision and Order" (**Circuit Court Order**), and August 15, 2022 Final Judgment in favor of Respondents-Appellees-Appellees County of Kauaʻi Planning Department (**Department**) and County of Kauaʻi Planning Commission (**Commission**) (collectively, **County**), and Petitioners-Appellees-Appellees Valerie M. Neilson and David N. Kells (collectively, **Petitioners**). The Circuit Court Order affirmed the Commission's October 12, 2021 decision "to accept" the August 23, 2021 "Hearing Officer's Report and Recommendation of Contested Case" (**HO Report**).[3]

Appellants' December 20, 2021 "First Amended Notice of Appeal to Circuit Court" attached the Commission's November 16, 2021 "Findings of Fact, Conclusions of Law of the [Commission]" (**FOFs/COLs**), which directed Petitioners to submit additional

---

[1]    HRS § 91–14(a) (2023) limits judicial review to "[a]ny person aggrieved by a <u>final decision and order</u> in a contested case . . . ." (Emphasis added.)

[2]    The Honorable Kathleen N.A. Watanabe presided.

[3]    The minutes of the Commission's October 12, 2021 regular meeting indicate that a motion "to accept" the HO Report passed unanimously. The underlying contested case hearing involved Intervenors' challenge, as adjoining property owners, to Petitioners' application for permits to build a proposed project on their property (**Proposed Project**).

2

information in accordance with the HO Report, and continued the Commission hearing as follows:

> At its public meeting conducted on October 12, 2021, and in accordance with [HRS] § 91-12, the Planning Commission reached the following Findings of Fact and Conclusions of Law regarding the above captioned matter:
>
> 1. As concluded by the [HO] Report dated August 23, 2021, [Petitioners] shall submit additional information to the Planning Department;
>
> 2. [Petitioners] shall submit the information in the manner specifically set forth in the [HO] Report; and
>
> 3. The Agency Hearing is continued and any future hearing shall be properly noticed and placed on the Planning Commission's Agenda.

(Emphases added.)

The dispositive question is whether the Commission's October 12, 2021 acceptance of the HO Report and November 16, 2021 FOFs/COLs constituted a "final decision and order" by the Commission, as required for judicial review under HRS § 91-14(a).

Upon careful review of the record and the May 14, 2025 supplemental briefs submitted by the parties,[4] and having given due consideration to the arguments advanced, we resolve this appeal as follows.

"A final order is 'an order ending the proceedings, leaving nothing further to be accomplished.'" Haw. State Tchrs. Ass'n v. Abercrombie, 126 Hawaiʻi 13, 20, 265 P.3d 482, 489 (App. 2011) (citation omitted). "An order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation and brackets omitted).

---

[4] We issued a May 7, 2025 order requesting supplemental briefing on the Circuit Court's jurisdiction under HRS § 91-14(a).

The County argues that the Circuit Court had jurisdiction under HRS § 91-14(a) because the November 16, 2021 FOFs/COLs is a "final decision and order" that "determined the rights of the parties" and "approved the permits as recommended by the [HO] Report, subject to several conditions."  The County relies on Blake v. Cnty. of Kauaʻi Plan. Comm'n, 131 Hawaiʻi 123, 315 P.3d 749 (2013), and Mahuiki v. Plan. Comm'n, 65 Haw. 506, 654 P.2d 874 (1982), as examples where the Hawaiʻi Supreme Court "determined that similar actions involving zoning and land use law with conditional permit approval are final orders within the meaning of HRS § 91-14(a)."  These cases are distinguishable, however, because both involved clear grants of approval of permits by the Commission;[5] and for the reasons explained infra, this case does not.

Here, the Commission's November 16, 2021 FOFs/COLs neither approved nor granted Petitioners' applications for Special Management Area (**SMA**) Use, Zoning, or Use permits (**Application**).  A plain reading of the FOFs/COLs:  (1) directs Petitioners to submit additional information to the Department "[a]s concluded" by the HO Report; (2) directs Petitioners to submit the information in the manner specifically set forth in the HO Report; and (3) states that the agency hearing before the Commission is continued, subject to future notice and placement on the Commission's agenda.  The FOFs/COLs, on its face, lacked

---

[5]     In Blake, "the Planning Commission *granted final approval*" of the subdivision application, and explained that "[a]lthough BLNR would need to grant an easement . . . the pendency of that approval does not per se affect the finality of the [Commission's] approval of the subdivision application for purposes of appeal because Blake is challenging the Planning Commission's action, and not the action of BLNR."  131 Hawaiʻi at 133–34, 315 P.3d at 759–60 (cleaned up) (emphasis added).  In Mahuiki, "the Commission's *decision* was to *grant* the developer the necessary permits, subject to several conditions."  65 Haw. at 511, 654 P.2d at 877 (emphasis added).

finality because it did not determine whether Petitioners were permitted to build their Proposed Project; and it did not end the matter, but continued it for a "future" "Agency Hearing." See Haw. State Tchrs. Ass'n, 126 Hawaiʻi at 20, 265 P.3d at 489. The lack of finality is similarly reflected in the Commission's October 12, 2021 vote to accept the HO Report, which resulted in an "open-ended deferral" of Petitioners' Application; and the Commission indicated the matter would "return to the Commissioners [sic] agenda after the requested materials are submitted and proper notice and publication is completed."[6]

Finally, the HO Report's recommendation for conditional approval of a non-existent, yet-to-be submitted

---

[6]     The transcript of the October 12, 2021 Commission Public Meeting reflects the following:

> [County Attorney]: Six Ayes, Madam Chair, Motion [(to accept HO Report)] Passes 6:0.
>
> Chair Cox: Thank you. And just as a reminder to all of us that the deferral of the Agency Hearing has been approved as an open-ended deferral. And so, these, it will return to the Commissioners [sic] agenda after the requested materials are submitted and proper notice and publication is completed.
>
> [Intervenors' Counsel]: Thank you, Chair. . . . I just want to clarify that given the open deferral; interveners are still parties to this proceeding as it goes forward. So, we were entitled to notice and participate [sic] and be present at the agency here. Am I correct? We believe that's correct under the Planning Commission Rules.
>
> Chair Cox: I believe that is correct. [County Attorney], can you clarify.
>
> [County Attorney]: Yes, Madam Chair, the intervener maintains their status because this is a Continued Agency Hearing.
>
> [Intervenors' Counsel]:  Thank you so much for the clarification appreciate [sic].

(Emphases added.)

"Revised Application" set forth in the last three pages of the 89-page report also lacks finality. In the report, the HO concluded that the Commission's hearing on the Application "must be rescheduled" because Petitioners "did not file the affidavit required by [Kauaʻi County Code (**KCC**)] § 8-3.1(f)(4) and SMA Rules § 9.0.E"; and that Petitioners did "not comply with KCC § 8-3.1(f)(4), SMA Rules § 9.0.B., and Commission Rule 1-13-5(b)" because they failed to adequately describe the purpose or nature of their project. The HO concluded that "KCC § 8-3.1(f)(4) and SMA Rules § 9.0.F. require the [Commission] Hearing to be postponed, the Petitioners pay the cost of republication and processing . . . , and follow the same notification requirements of those provisions to re-notify affected persons of the postponed [Commission] Hearing." The clearest indication of the lack of finality with respect to the disposition of the Petitioners' Application is in COL 32, in which the HO stated it was "premature to determine whether the Application should be denied":

> 32. It is premature to determine whether the Application should be denied and/or the Planning Department committed errors of law or abused its discretion because Petitioners may revise the Application to address those alleged deficiencies warranting correction ("Revised Application"), and submit the Revised Application for review by the Planning Department. In turn, the Director's Report would revised and updated [sic] ("Revised Director's Report") for the Planning Commission's consideration at the Rescheduled [Commission] Hearing.

(Emphases added.) The HO's final recommendation that the Commission approve the Application included a critical footnote 54 that stated: "This recommendation assumes the Revised Director's Report APPROVES the Proposed Project as detailed in the Revised Application." Thus, the recommended conditional approval of the Application is speculative and premature,

6

because it rests on a series of prerequisite circumstances, each of which may or may not occur.

Appellants argue that they should be entitled to judicial review because the effect of the HO's recommended conditional approval means they "are not provided an opportunity to review the information submitted or [to] submit their own additional information in response." They alternatively argue that the FOFs/COLs "should be considered an appealable 'preliminary ruling'" under HRS § 91-14(a), "that is 'of the nature that deferral of review pending entry of a subsequent final decision would deprive [Appellants] of adequate relief[.]'" Appellants claim the deferred agency hearing "appears to be a mere pro forma exercise" to approve Petitioners' Revised Application, if and when one is submitted.

Appellants' arguments are not persuasive. The Revised Application, assuming arguendo one is submitted, must again go through the same review and notice requirements in accordance with the governing law, as set forth in the HO Report. Further, Appellants sought and received on-the-record assurances from the County at the October 12, 2021 Commission meeting, that their intervenor status would continue and that they would be entitled to notice and participation at the "Continued Agency Hearing" on a Revised Application. Appellants' argument that they will be "deprive[d]" of "an opportunity to meaningfully participate" is unfounded.

We conclude that when the Commission voted to accept the HO Report, it was agreeing that it could not issue a final decision on the Application because it was premature to do so. The HO Report's conditional approval recommendation was not "final" because it did not decide the Application, did not end the proceedings on the Application, left the Application

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

undetermined, and postponed the Commission hearing pending the submission of a Revised Application and a Revised Director's Report. Accordingly, the November 16, 2021 FOFs/COLs was not a "final decision and order" under HRS § 91-14(a), and the Circuit Court lacked jurisdiction.

For the foregoing reasons, we vacate the Circuit Court's August 15, 2022 Final Judgment and remand for entry of an order dismissing the agency appeal for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, June 4, 2025.

On the briefs:

Mauna Kea Trask,
for Intervenors-Appellants-
Appellants.

Chris Donahoe,
Deputy County Attorney
for Respondents-Appellees-
Appellees.

Valerie M. Neilson and
David N. Kells, MD,
Self-represented Petitioners-
Appellees-Appellees.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge